IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JERMAINE COOPER,

        Petitioner,

  v.

BRIAN FISCHER, Superintendent of
 Bedford Hills Correctional Facility,

        Respondent.

Civil Action No.
9:04-CV-0633(LEK/GHL)

---

APPEARANCES:                              OF COUNSEL:

FOR PETITIONER:

JERMAINE COOPER, 00-B-0972
Petitioner *pro se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821-0051

FOR RESPONDENT:

HON. ANDREW M. CUOMO                      SENTA B. SIUDA, ESQ.
Office of the Attorney General            Assistant Attorney General
State of New York
Syracuse Regional Office
615 Erie Blvd. West, Suite 102
Syracuse, New York 13204


GEORGE H. LOWE
U.S. MAGISTRATE JUDGE

**REPORT-RECOMMENDATION**[1]

Petitioner *pro se* Jermaine Cooper ("Petitioner") is currently an inmate in the custody of the New York State Department of Correctional Services ("DOCS") at Great Meadow Correctional Facility.  On February 18, 2000, Petitioner was convicted of second degree possession of a controlled substance, two counts of third degree possession of a controlled substance, and fifth degree possession of a controlled substance after a jury trial in Broome County, New York.  (State Court Records ("Records") Exs. 12-16, Trial Transcript ("T") at 1028-1030.)   He is presently serving an aggregate term of seventeen years to life.  (Records Ex. 17 at 21:5.)  Petitioner  now seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on the grounds that (1) the prosecutor engaged in misconduct by failing to call an exculpatory witness to testify before the grand jury; and (2) Petitioner was denied the effective assistance of counsel.  For the reasons discussed below, the undersigned recommends that the petition be denied.

I. **Background**

    A.  State Court Proceedings

> Following a criminal investigation of (Petitioner) and pursuant to
> three search warrants which authorized the search of (Petitioner),
> his residence and his motor vehicle, on June 10, 1999, police
> located and attempted to stop (Petitioner)'s vehicle. At the time,
> Gerald Graven was driving the vehicle while (Petitioner) rode in
> the passenger seat. Graven, disregarding traffic signals and stop
> signs, led police on a high speed chase through residential
> neighborhoods in the City of Binghamton and the Village of

---

[1]    This action has been referred to the undersigned by District Court Judge Lawrence E. Kahn for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3(c).

> Johnson City, Broome County, forcing other vehicles--including a school bus--off the road. During the chase, two eyewitnesses observed a plastic bag containing over two ounces of cocaine thrown from the passenger-side window of defendant's vehicle. When ultimately the vehicle crashed, (Petitioner) fled on foot, but he was located by police with canine assistance in a nearby building and arrested. On the same day, the police searched (Petitioner)'s home and seized a digital scale which contained a trace amount of cocaine and seven "corner wraps" of crack cocaine.

*People v. Cooper,* 756 N.Y.S.2d 339, 341 (N.Y. App. Div. 2003).

Petitioner testified before a grand jury.  He told the grand jury that Gerald Graven was prepared to testify that the drugs thrown out of the car window belonged to him and that Petitioner did not know there were drugs in the car. (Records Ex. 20 at 3.)  The grand jurors asked the prosecutor if Graven would testify before them. (Records Ex. 21 at SA 146:22-SA 147:21.)  The prosecutor stated "All I can tell you is that you are considering charges against that individual, okay.  So, the D.A.'s office ... can't produce that person.  He's a defendant.  And a defendant is always free to testify before the grand jury when they request to testify before the grand jury ... We can't request of a defendant to come in and testify." (Records Ex. 21 at SA 147:1-14.)

On July 23, 1999, the grand jury indicted Petitioner for second degree criminal possession of a controlled substance, two counts of third degree criminal possession of a controlled substance, fifth degree criminal possession of a controlled substance, and second degree conspiracy[2]. (Records  Ex. 1.)

On February 2, 2000, Petitioner moved to dismiss the entire indictment on the basis of

---

[2]      The trial court dismissed the conspiracy charge before trial. (Records Ex. 10 at 18:4-14.)

prosecutorial misconduct or, in the alternative, for the prosecutor's failure to produce Graven

to testify before the grand jury.  (Records Ex. 9 at 25:23-26:8.)  The trial court denied the

motion.  (Records Ex. 9 at 30:24.)

At trial, Petitioner called Graven as a witness.  (T. at 792:1-861:13.)  Graven testified

that the drugs in the car were his.  (T. at 801:17-809:20.)   He further testified that he had

wanted "to come to the grand jury proceedings, but by the time ... my attorney got notification,

I guess it was too late, they didn't let me appear."  (T. at 809:20-24.)

On February 18, 2000, the jury returned guilty verdicts on the charges of second degree

possession of a controlled substance, two counts of third degree possession of a controlled

substance, and fifth degree possession of a controlled substance.  (T. at 1028:23-1030:6.)

On March 7, 2000, the trial court sentenced Petitioner to (1) 12 years to life on the

second degree possession of controlled substances charge, to be served concurrently with a

sentence of 10 to 20 years on the third degree possession of controlled substances charge

regarding the cocaine thrown out of the car; and (2) five to ten years for the third degree

possession of controlled substances charge regarding the seven corner wraps of cocaine

discovered in Petitioner's apartment, to be served concurrently with a sentence of three to six

years for the fifth degree possession of controlled substance charge.  The aggregate sentence

was 17 years to life.  (Records Ex. 17 19:25-21:5.)

Petitioner appealed.  Through counsel, he argued that there were defects in the grand

jury proceeding and that the sentence was unduly harsh or severe.  (Records Ex. 20.)  Acting

on his own behalf, Petitioner filed a supplemental brief arguing  (1) the search warrants did not

comply with CPLR 690.40(1) or *Aguilar/Spinelli*; (2) there was an improper variance between

the evidence submitted to the grand jury and the prosecution's theory at trial; (3) the trial court

erred by allowing the prosecution to amend the indictment; (4) the trial court erred by denying

defense counsel's request for more time to prepare for trial; (5) ineffective assistance of

counsel; (6) that there was insufficient evidence that Petitioner possessed drugs; and (7) that

there was insufficient evidence of accessory liability.  (Records Ex. 23.)

On March 6, 2003, the Third Department affirmed Petitioner's conviction.  Regarding

the grand jury proceedings, the appellate court stated that:

> Defendant asserts that because he requested that codefendant
> Graven be called to testify on defendant's behalf before the grand
> jury and that this allegedly exculpatory evidence was not presented,
> the indictment should have been dismissed. By statute, a defendant
> may request-orally or in writing-that the grand jury exercise its
> discretion to call a particular witness and, here, after hearing
> defendant's testimony, a grand jury member asked the prosecutor
> whether Graven could be produced to give testimony. At the time,
> however, the grand jury was considering similar charges against
> Graven arising out of the same incident and Graven had not given
> the required written notice to the District Attorney that he-as the
> subject of a grand jury investigation-desired to testify. The
> prosecutor thus addressed the grand jury's inquiries regarding
> Graven's availability as follows:
>
> "All I can tell you is that you are considering charges against that
> individual, okay. So, the DA's Office-when you are considering
> charges against somebody, the DA's Office can't produce that
> person. He's a defendant. And a defendant is always free to testify
> before the grand jury when they request to testify before the grand
> jury. * * * We can't request of a defendant to come in and testify.
> * * * All I can tell you is if the defendant had requested from the
> DA's Office to testify, he would be here. That's the only way I can
> phrase it."
>
> Prior to trial, defendant moved to have the indictment dismissed
> due to the People's failure to produce Graven at the request of the
> grand jury. County Court denied the motion, concluding that the
> People had no duty to request that a codefendant give testimony.

> Upon our review of the relevant facts and circumstances, we perceive no error or failure in compliance with defendant's statutory rights ... which would amount to one of those rare situations where the indictment must be dismissed because "the integrity [of the grand jury proceeding] is impaired and prejudice to the defendant may result".

> Significantly, although a defendant has a qualified right to testify voluntarily before the grand jury if he or she gives the required written notice, he or she may not be compelled to testify. Here, the trial court was understandably concerned that, had the prosecutor issued a request that Graven testify before the grand jury, Graven's potentially negative response could infringe upon his privilege against self-incrimination.  In contrast, defendant had no absolute right to have a particular witness testify and, given Graven's failure to affirmatively assert his right to testify, the People were justified in declining to call him.  Accordingly, under the specific circumstances presented, we perceive no error in the manner in which the prosecutor handled the grand jury's request to hear Graven's testimony.

*People v. Cooper,* 756 N.Y.S.2d 339, 341-42 (N.Y. App. Div. 2003) (citations omitted).

Regarding ineffective assistance of counsel, the appellate court stated:

> On this record, we find no merit to defendant's claim that he was denied the effective assistance of counsel. Defense counsel made appropriate pretrial motions, engaged in cogent cross-examination and rendered opening and closing statements which emphasized possible inconsistencies in the People's case. Viewed in totality, the representation was meaningful.

*Id.* at 343.

Petitioner, through counsel,  moved for leave to appeal to the New York Court of

Appeals regarding the grand jury issue. (Records Ex. 26.)  Acting on his own behalf,

Petitioner applied for leave to appeal to the Court of Appeals regarding other issues.  (Records

Ex. 27.)  On June 17, 2003, the Court of Appeals denied leave to appeal.  (Records Ex. 29.)

6

B. Proceedings in this Court

Petitioner filed the present petition in this Court on June 3, 2004.  (Dkt. No. 1.)

Respondent filed his response on October 22, 2004.  (Dkt. No. 11.)  The Court granted

Petitioner leave to file a traverse.  (Dkt. No. 13).  Petitioner filed the traverse on January 10,

2005.  (Dkt. No. 14.)

**II. Discussion**

A.  Standard of Review

When reviewing a habeas petition, a federal court is limited to deciding whether a

conviction violated the Constitution, laws or treaties of the United States.  28 U.S.C. § 2241(c)

(2006).  Relief does not lie for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991); *DiGuglielmo v. Smith*, 366 F.3d 130, 136-137 (2d Cir. 2004).   Under the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner may obtain habeas relief by

showing that the state court's decision was "contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court."  28

U.S.C. § 2254(d)(1) (2006); *Carey v. Musladin*, 127 S. Ct. 649, 653 (2006); *Campbell v.

Burgess*, 367 F. Supp. 2d 376, 380 (W.D.N.Y. 2004).  "By 'contrary to,' the state court

decision may be either contrary to Supreme Court precedent on a question of law or the state

court decision is opposite to a relevant Supreme Court case with 'materially indistinguishable'

facts."  *Johnson v. West*, No. 9:04-cv-751, 2007 WL 952058 at *2 (N.D.N.Y. Mar. 29, 2007),

*quoting Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  A state court unreasonably applies

federal law when the state court correctly identifies the governing legal rule in a particular case

but applies the rule to the facts in an "objectively unreasonable" manner.  *Johnson v. West*,

2007 WL 952058 at *2 (*quoting Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).  Although

'some increment of incorrectness beyond error is required' " in order to grant a federal habeas

application, that increment "need not be great; otherwise, habeas relief would be limited to

state court decisions so far off the mark as to suggest judicial incompetence." *Francis S. v.*

*Stone*, 221 F.3d 100, 111 (2d Cir. 2000); *see also Hawkins v. Costello*, 460 F.3d 238, 243 (2d

Cir. 2006).  The state court's determination of a factual issue is presumed to be correct, and the

petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28

U.S.C. § 2254 (e)(1) (2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005), *cert.*

*denied* 546 U.S. 884 (2005); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

      B.     Petitioner's Claims Regarding the Grand Jury Proceeding Are Not Cognizable
In This Federal *Habeas Corpus* Proceeding

Petitioner argues that the "prosecutor violated Petitioner's right to a fair trial by

improperly handling the Grand Jury request to hear Gerald Graven's testimony.  Prosecutor's

misconduct also impaired the integrity of the Grand Jury in violations (sic) of Petitioner's Due

Process Rights."  (Dkt. No. 1 at 5(a).)  Petitioner's argument is without merit.

When a defendant has been convicted after a trial, any alleged deficiencies in the

indicting  grand jury's proceedings are not cognizable in a federal habeas corpus proceeding.

*Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989.)  *See also Blake v. Leonardo,* 710 F. Supp. 446,

449-50 (E.D.N.Y. 1989); *Klosin v. Conway*, 501 F. Supp. 2d 429, 436  (W.D.N.Y. 2007);

*Mariani v. Kelly*, No. 97-CV-384 FJS/GLS, 2001 WL 1860961, at *5 (N.D.N.Y. Jan. 17,

2001);  *Miller v. Hunt*, No. 9:06-CV-177 DNH/VEB, 2008 WL 170411, at *5 (N.D.N.Y. Jan.

15, 2008).  This rule stems from the United States Supreme Court's decision in *United States*

*v. Mechanik*, 475 U.S. 66 (1986).  In *Mechanik*, the prosecutor arguably violated Federal Rule

of Criminal Procedure 6(d) by allowing two law enforcement agents to be sworn together and

questioned in tandem before the grand jury.  The grand jury indicted the defendants, who were

later convicted after a jury trial.  The defendants appealed, arguing that the error in the grand

jury proceeding warranted reversal of their convictions.  The United States Supreme Court

held that:

> the petit jury's verdict rendered harmless any conceivable error in
> the charging decision that might have flowed from the violation.
> In such a case, the societal costs of retrial after a jury verdict of
> guilty are far too substantial to justify setting aside the verdict
> simply because of an error in the earlier grand jury proceedings.

*Mechanik*, 475 U.S. at 73.

In *Lopez*, the Second Circuit faced a similar issue in the *habeas* context.  Lopez was

indicted by a grand jury and later convicted by a petit jury of manslaughter.  He petitioned for a

writ of *habeas corpus*, alleging various errors in the grand jury proceedings,  including an

allegation that  "the prosecutor did not sufficiently develop before, or adequately present to, the

grand jury allegedly exculpatory evidence." *Lopez*, 865 F.2d at 31.  Relying on *Mechanik*, the

Second Circuit stated that "(i)f federal grand jury rights are not cognizable on direct appeal

where rendered harmless by a petit jury, similar claims concerning a state grand jury

proceeding are *a fortiori* foreclosed in a collateral attack brought in federal court.  The

particular claims of impropriety before the grand jury in this case ... (were) cured in the trial

before the petit jury, which convicted." *Lopez*, 865 F.2d at 32-33.

Here, Petitioner argues that there were deficiencies in the grand jury proceeding.

Petitioner was found guilty by a petit jury.  Therefore, his claims are not cognizable on federal

*habeas* review.  Accordingly, the undersigned recommends that the petition be denied on this

ground.

        C.        <u>Petitioner's Claims Regarding Ineffectiveness of Counsel Are Without Merit</u>

Petitioner argues that trial counsel[3] rendered ineffective assistance due to his "failure to

submit any pre trial discovery motions contesting the arrest and/or suppression of physical

evidence, failure to conduct meaningful cross examination of prosecution witnesses, failure to

conduct a proper investigation i.e. interview witnesses and failure to object to prosecutorial

misconduct (handling of the Grand Jury's request)."  (Dkt. No. 1 at 5(b).)

The state appellate court addressed Petitioner's claim of ineffective assistance of

counsel on the merits.  *People v. Cooper,* 756 N.Y.S.2d 339, 343 (N.Y. App. Div. 2003).

Thus, the deferential AEDPA standard applies, and this Court may only grant relief if the state

court's decision was "contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1) (2006);

*Carey v. Musladin*, 127 S. Ct. 649, 653 (2006); *Campbell v. Burgess*, 367 F. Supp. 2d 376, 380

(W.D.N.Y. 2004).

The Sixth Amendment to the United States Constitution provides that: "[i]n all

criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for

his defence." U.S. Const. amend. VI. To establish a violation of this right to the effective

assistance of counsel, a habeas petitioner must show both: (1) that counsel's representation fell

---

[3]      Petitioner was represented by two attorneys.  Thomas A. Muscatello, Esq.,
represented Petitioner initially.  He was replaced four weeks prior to trial by
Michael J. Sullivan, Esq.

below an objective standard of reasonableness, measured in the light of prevailing professional norms; and (2) resulting prejudice, that is, a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 446 U.S. 674, 688-90 (1984); *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("the legal principles that govern claims of ineffective assistance of counsel" were established in <u>Strickland</u>.).[4]  There is a strong presumption that counsel's conduct fell within the wide range of reasonable assistance and that counsel's actions constituted sound trial strategy under the circumstances.  *Cuevas v. Henderson*, 801 F.2d 586, 589-90 (2d Cir. 1986).

Here, the state court's decision reasonably applied clearly established federal law.  The state court correctly found that Petitioner's counsel's performance was objectively reasonable. The record shows that Petitioner's attorneys actively litigated on his behalf.   Petitioner's original attorney moved to suppress physical evidence.  (Records Ex. 4.)  Trial counsel also moved to suppress physical evidence.  (Records Ex. 8.)  As discussed above, trial counsel moved to dismiss the indictment based on the alleged defects in the grand jury proceeding. (Records Ex. 9 at 24:23-26:8.)  Trial counsel cross-examined the custodian of evidence (T. at 237:6-240:21), the officer who released Petitioner's car to him after it was impounded (T. at 245:24-246:16), the custodian of bail records (T. at 262:16-262:25), the eyewitnesses (T. at 276:5-288:9; 310:1-322:23, 426:8-431:20), three state police investigators (T. at 355:11-378:5, 603:1-619:17, 640:19-645:21), two of the officers involved in the events leading to Petitioner's

---

4       In *Williams v. Taylor*, the Supreme Court declared that "the rule set forth in
        Strickland qualifies as "clearly established Federal law [.]" *Williams*, 529
        U.S. 362, 391 (2000).

arrest (T. at 399:10-413:14, 465:20-469:23), the crime lab drug chemist (T. at 525:5-544:21),

the state police certified latent fingerprint examiner (T. at 560:5-561:10), and four

acquaintances of Petitioner (T. at 679:15-692:3, 729:22-741:2, 758:22-761:8, 777:7-778:24).

Trial counsel called several witnesses. (T. at 792-914:4.)  His closing argument raised the

weaknesses in the prosecution's case.  (T. at 926:11-941:22.)  This performance was

objectively reasonable.  Accordingly, Petitioner was not denied effective assistance of counsel.

D.      Petitioner's Other Claims

Petitioner listed three other grounds in his petition: (1) "harsh and excessiveness of

illegal consecutive sentence"; (2) "perjury and false testimony of prosecutor"; and (3)

"prosecutor and court impermissibly changed the theory of case by amending the indictment."

(Dkt. No. 1 at 3(a).)  Petitioner did not provide any factual basis for those grounds.  Rather, the

narrative portion of his petition focuses on the grand jury issues and ineffective assistance of

counsel.

The undersigned notes that the state appellate court considered and rejected each of

Petitioner's arguments with respect to these further claims.  *People v. Cooper*, 756 N.Y.S. 2d

339, 343 (N.Y. App. Div. 2003).  Petitioner, by failing to provide any factual basis or legal

arguments regarding these grounds, has not met his burden of showing that the state court's

decision was "contrary to, or involved an unreasonable application of, clearly established

federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1) (2006).  However,

given the special solicitude that must be granted to *pro se* litigants, I will address each

argument briefly.

As to the first argument, the United States Supreme Court has noted that "(o)utside the

context of capital punishment, successful challenges to the proportionality of particular

sentences have been exceedingly rare.  (O)ne could argue without fear of contradiction by any

decision of this Court that for crimes concededly classified and classifiable as felonies ... the

length of the sentence actually imposed is purely a matter of legislative prerogative." *Rummel*

*v. Estelle*, 445 U.S. 263, 272-274 (1989) (denying *habeas* relief to petitioner sentenced to life

with the possibility of parole under Texas recidivist statute following third felony conviction

for obtaining $120.75 by false pretenses).  In the *habeas* context, a sentence violates the Eighth

Amendment only in "exceedingly rare" and "extreme" cases, and only then if it is 'grossly

disproportionate' to the crime.  *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003).  This is not

such a case.

Petitioner's second argument is apparently a reference to the prosecutor's statement

during oral argument in the trial court that he had spoken to Graven's attorney, who indicated

that Graven did not wish to testify before the grand jury.  The trial judge told the prosecutor:

> You've got a problem now because I talked to (Graven's attorney)
> yesterday afternoon and he said his client said to him specifically
> yes, he wanted to testify before the (grand) jury and (that Graven's
> attorney) never communicated anything to you.

(Records Ex. 9 at 25:10-22.)  Despite this warning, the trial court concluded that there had

been no prosecutorial misconduct.  (Records Ex. 9 at 25:23-26:1.)  Petitioner has not rebutted

this factual finding by clear and convincing evidence.  28 U.S.C. § 2254(e)(1) (2006).

Petitioner's third argument apparently refers to the amendment of Count Five of the

indictment to refer to possession of "a quantity of the narcotic drug cocaine" rather than "seven

corner wraps of the narcotic drug cocaine." (Records Ex. 7.)  The trial court granted the

motion to amend at a January 27, 2000, pretrial hearing.  (Records Ex. 9 at 2:11-17.)

"A claim that the indictment underlying a state court conviction was impermissibly

altered is generally a matter of state law and would not ordinarily be cognizable on habeas

corpus review.   However, states are required by the Sixth Amendment, which is applicable to

them by operation of the due process clause of the Fourteenth Amendment, to provide fair

notice of the charges against the accused so that he has a meaningful opportunity to defend

against them."  *Gaston v. Conway*, No. 06 Civ. 4365 SAS JCF, 2008 WL 501339, at *7

(S.D.N.Y. Feb. 26, 2008).  The United States Supreme Court has held that an indictment

satisfies due process if it (1) contains the elements of the offense charged; (2) provides the

defendant adequate notice of the charges against which he must defend; and (3) protects

against double jeopardy by enabling the defendant to rely on either an acquittal or conviction

as a bar to future prosecutions for the same offense.  *Russell v. United States*, 369 U.S. 749,

763-64 (1962).  "Courts within this Circuit have uniformly required petitioners to establish that

they were prejudiced by an amendment to an indictment to prevail on a claim challenging such

an amendment."  *Gaston v. Conway*, No. 06 Civ. 4365 SAS JCF, 2008 WL 501339, at *7

(S.D.N.Y. Feb. 26, 2008).

Here, Petitioner has not shown that the indictment was insufficient to satisfy due

process or that he was prejudiced by the amendment to the indictment.

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the petition for a writ of habeas corpus (Dkt. No. 1) be

**DENIED** and **DISMISSED**.  Furthermore, the undersigned finds that Petitioner has not made

a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. §

2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York*

*State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).  Therefore, I recommend that no

certificate of appealability should issue with respect to any of Petitioner's claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written

objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL**

**PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e);

*Roldan v. Racette*, 984 F.2d 85 (2d Cir.1993) (*citing Small v. Sec'y of Health and Human*

*Servs.*, 892 F.2d 15 (2d Cir.1989)).

Dated: March 14, 2008
     Syracuse, New York

                    George H. Lowe
                    United States Magistrate Judge